## Shaw *versus* Commonwealth *ex rel.* Stratford.

1. In proceedings before a justice under the Act of 1705, relating to hogs, the record must show that they were " suffered to go at large by the owner." " Having been running at large," is not sufficient.

2. Hogs at large without default of the owner, are not subject to forfeiture ; and in such case a justice has no jurisdiction.

3. Commonwealth *v.* Fourteen Hogs, 10 S. & R. 393, adopted.

[Shaw v. Commonwealth.]

May 21st 1872. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to the Court of Common Pleas of *Mifflin county:* No. 82, to May Term 1872.

This was a proceeding under the Act of 1705, relating to hogs suffered to run at large. The proceedings were commenced September 3d 1869, before Joseph S. Waream, Esq., a justice of the peace of Mifflin county, upon the following information:—

"Before me, &c., came Charles Stratford, of the township of Derry, in said county, yeoman, and being duly affirmed, did depose and say, that upon the third day of September, instant, he found upon his lands, situate in the township aforesaid, three shoats without rings in their noses and yokes or bows about their necks, and one shoat without a ring in its nose but having a bow about its neck, said shoats having been running at large, and the same being then and there found, did drive and carry away," &c.

The justice thereupon issued an order of appraisement, &c., to "two indifferent persons of the neighborhood," who on the same day returned that they had appraised the hogs at $24. On the same day Stratford paid to the justice $12, the one-half of the appraisement, and the justice issued a notice, reciting the foregoing proceedings, that one-half the value of the hogs was forfeited to the owner of the land where they were found, and that the remainder, after deducting costs, was in his hands ready to be paid to the owner of the hogs, &c.

At the instance of Shaw, the owner of the hogs, a certiorari was issued to the justice from the Court of Common Pleas of Mifflin county.

The court (Woods, P. J.) affirmed the proceedings of the justice, and Shaw removed the record to the Supreme Court by certiorari, and assigned the affirmance of the justice's proceedings for error.

*A. Reed* for certiorari referred to Act 1705, 1 Sm. L. 70, 2 Br. Purd. 1354; Commonwealth *v.* Fourteen Hogs, 10 S. & R. 393; Strauser *v.* Kosier, 3 P. F. Smith 496.

*J. Alexander,* contrà, referred to same act and Commonwealth *v.* Fourteen Hogs.

The opinion of the court was delivered, October 17th 1872, by

WILLIAMS, J.—The case of the Commonwealth *v.* Fourteen Hogs, 10 S. & R. 393, is decisive of the question presented by this record. It was there held that the act, under which these proceedings were instituted, applies only where the swine are voluntarily suffered to go at large, not where they escape from the owner without his default; and if the proceedings do not show

[Shaw *v.* Commonwealth.]

this they will be quashed. It does not appear from the record in this case that the swine were suffered to run at large by the owner. The phrase "having been running at large," cannot be regarded as tantamount to an averment that they were "suffered to run at large." They may have been running at large when found by the seizer, without any default of the owner; and if so, they were not subject to forfeiture. If they were not suffered to run at large, the magistrate had no jurisdiction of the case, and for want of this essential averment the court below should have quashed the proceedings.

Judgment reversed and proceedings quashed.